IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WILLIAM DAVIES | : | CIVIL ACTION |
| | : | |
| Petitioner | : | |
| vs. | : | |
| | : | NO. 09-CV-3461 |
| | : | |
| SUPERINTENDENT FRANKLIN TENNIS, et al. | : | |
| | : | |
| Respondents | : | |

# **ORDER**

AND NOW, this 16th day of June, 2010 upon an independent and thorough review of the Petitioner's Petition for Writ of Habeas Corpus,[1] Respondents' response thereto and the state court record, and after conducting a de novo review[2] of Magistrate Judge Carol Sandra Moore Wells' Report and Recommendation and Petitioner's Objections

---

[1] Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody in this Court on July 30, 2009. The Petition asserts three grounds for relief: (1) his burglary counts should have been graded as felonies of the second degree; (2) the trial court imposed an excessive sentence; and (3) his guilty plea was involuntarily induced as a result of ineffective assistance of counsel. Additionally, Petitioner alleges that his trial counsel had a conflict of interest, engaged in misrepresentation and failed to zealously advocate on his behalf.

[2] Section 636 of Title 28 of the U.S. Code governs the jurisdiction, power, and temporary assignments of United States Magistrate Judges. Subsection (b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

thereto, it is hereby ORDERED that:

1. The Report and Recommendation is ADOPTED and APPROVED;

2. The Petitioner's Objections (Doc. No. 10) are OVERRULED;[3]

---

[3] In his objections to the Report and Recommendation, Petitioner notes that he opposes Magistrate Judge Wells' conclusions with two exceptions: the Petition was timely filed under the AEDPA and Petitioner exhausted his state court remedies. However, Petitioner's specific objections only address his ineffective assistance of counsel claim; the Court shall limit its discussion thereto. See Soliz v. Chater, 82 F.3d 373, 374 (10th Cir. 1996) (may not preserve issues for review via a catch-all objection); Palmer v. Apfel, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998) (citations omitted) (blanket objections need not be addressed by district court); Nevertheless, the Court notes that it agrees with Magistrate Judge Wells' conclusion that Petitioner's Grounds I and II raise state law claims upon which this Court cannot grant relief.. See Diaz v. Britton, No. 09-CV-3109, 2010 WL 2035402, at *10 (E.D. Pa. Apr. 29, 2010) ("Claims asserting a violation of state law, or challenging a state court's interpretation of state law, are not cognizable on federal habeas review.") (citations omitted).

Petitioner argues that he was induced by his trial counsel to plead guilty by an assurance that he would not receive a sentence in excess of twenty years of prison. Petitioner further contends that his notation on the written guilty plea colloquy that he was not satisfied with trial counsel's representation demonstrates that his plea was not knowing, voluntary or intelligent. He notes that the Magistrate Judge incorrectly concluded that any error his trial counsel may have committed was cured because he was informed that the trial court could impose any sentence it deemed lawful. (Objections at 5.) Petitioner also objects to the Magistrate Judge's conclusion that the plea was knowing, voluntary and intelligent, pointing to the fact that trial counsel was cognizant that Petitioner was dissatisfied with his representation yet failed to bring it to the Court's attention. (Objections at 8-9.) Finally, Petitioner contends that the Magistrate Judge erred in holding that Petitioner failed to show prejudice because he did not demonstrate he would have opted for trial instead of a guilty plea. (Objections at 9-10). Instead, Petitioner argues that all he needs to show is that he would have accepted the district attorney's original plea offer instead of pleading guilty sans a plea agreement. (Objections at 9.)

"An ineffective assistance claim brought under the Sixth Amendment requires two showings: First, that counsel's performance was constitutionally deficient, and second, that the deficient performance prejudiced the defense." Fahlfeder v. Varner, 32 Fed. Appx. 621, 622 (3d Cir. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The Supreme Court has held that the same two-part test applies to ineffective assistance claims arising out of the plea process." Id. (citing Hill v. Lockhart, 474 U.S. 52, 57-58 (1985)). Typically, in situations similar to the one at present, Petitioner must show that counsel's ineffectiveness rendered Petitioner's guilty plea unknowing, unintelligent and involuntary.

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED and DISMISSED;

---

As to Petitioner's claim that counsel erroneously provided him with an inaccurate estimation of the minimum/maximum sentence he could receive from the trial court, it is well established that counsel's inaccurate sentencing predictions do not constitute ineffective assistance of counsel where an adequate hearing is conducted. United States v. Macon, 91 Fed. Appx. 239, 243 (3d Cir. 2004) (citing United States v. Jones, 336 F.3d 245, 254 (3d Cir. 2003); Masciola v. United States, 469 F.2d 1057, 1059 (3d Cir. 1972)); see Fahlfeder, 32 Fed. Appx. at 622; see also United States v. Lambey, 974 F.2d 1389, 1394-95 (erroneous sentence estimation does not constitute prejudice if the plea colloquy corrects or clarifies the error). Here, the trial court clearly informed Petitioner, prior to his pleading guilty, that the minimum sentence he would face was ten to twenty years of imprisonment, that he was subjecting himself to the Court's discretion and that it was within the court's discretion to run those sentences consecutively. (4/20/07 N.T. at 6-7; 5/3/2005 N.T. at 11-12; Guilty Plea Colloquy ¶¶ 23-23(a).) Moreover, Petitioner acknowledged that he was pleading guilty of his own volition, not in response to coercion or any promise or other inducement. (4/20/07 N.T. at 35-38; 5/3/2005 N.T. at 11; Guilty Plea Colloquy ¶¶ 33-35, 37, 39.) Therefore, taking into account Petitioner's responses to the Court's inquiry, it appears that Petitioner's guilty plea was knowing, intelligent and voluntary.

In similar cases, however, ineffective assistance of counsel may be established by demonstrating "a reasonable probability that: (1) the defendant would have accepted the alleged plea offer, (2) the court would have accepted the plea agreement, and (3) a lesser sentence would have resulted." E.g., United States v. Pungitore, 15 F. Supp. 2d 705, 733 (E.D. Pa. 1998) (citing United States v. Day, 969 F.2d 39, 44-45 (3d Cir. 1992)). Nevertheless, Petitioner fails to provide the Court with any evidence to show that he would have accepted the government's plea offer but-for his counsel's estimation. He did not even assert that he would have accepted a fifteen to thirty year imprisonment sentence during the post-conviction hearing. See (4/20/07 N.T. at 25-41.) Moreover, Petitioner does not highlight anything which would indicate that it is "reasonably probable" that the state would have incarcerated him for less than twenty years had he accepted the plea offer. Furthermore, it is clear from testimony presented at the hearing that Petitioner was aware that entering an open plea could expose him to an inordinate amount of prison time. See (4/20/07 N.T. at 22-23, 32.) Thus, Petitioner is unable to establish that he was prejudiced as a result of his counsel's alleged deficient conduct.

Finally, the Court finds that because Petitioner's counsel's actions did not amount to ineffective assistance of counsel, counsel's failure to discuss Petitioner's displeasure with his representation in open court is of little import.

4. There is no basis for the issuance of a certificate of appealability;[4] and,

5. The Clerk of Courts is DIRECTED to CLOSE the within matter for statistical purposes.

BY THE COURT:


*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.

---

[4]A certificate of appealability will not be issued because "jurists of reason" could not disagree with the Court's resolution of the Petitioner's constitutional claims or "conclude [that] the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (discussing AEDPA standards for issuing COA in Section 2254 habeas petition); see also 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").